# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 17-21106 |
| | ) |
| | ) Chapter 7 |
| KEVIN FRY, | ) |
| | ) Hon. Carol A. Doyle |
| Debtor. | ) |
| | ) Hearing Date: April 21, 2022 |
| | ) Hearing Time: 10:00 a.m. |

**NOTICE OF TRUSTEE'S MOTION FOR ORDER AUTHORIZING
AND APPROVING SALE OF NON-EXEMPT EQUITY IN
<u>VEHICLE PURSUANT TO 11 U.S.C. § 363</u>**

**TO:    PARTIES LISTED ON ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that on **Thursday, April 21, 2022, at 10:00 a.m.**, the undersigned will appear before the Honorable Carol A. Doyle and present the attached **Trustee's Motion For Order Authorizing and Approving Sale of Non-Exempt Equity in Vehicle Pursuant to 11 U.S.C. § 363**, a true and correct copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password is **Doyle742**. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

80695420v.1

Dated: March 21, 2022

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Andrew Medearis
    Gus A. Paloian (6188186)
    Andrew Medearis (6337979)
    SEYFARTH SHAW LLP
    233 S. Wacker Dr., Suite 8000
    Chicago, Illinois 60606
    Telephone: (312) 460-5000

    ***Proposed Counsel to Chapter 7 Trustee Gus A. Paloian***

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on March 21, 2022, he caused to be served a true and correct copy of each of the **Notice of Motion** and **Trustee's Motion For Order Authorizing and Approving Sale of Non-Exempt Equity in Vehicle Pursuant to 11 U.S.C. § 363** via (i) the Court's CM/ECF electronic noticing system, upon all registered participants in this proceeding, so identified on the attached Service List; and (ii) First Class, U.S. Mail, postage prepaid, upon each of the parties, as noted, on the attached Service List.

/s/ Andrew Medearis
Andrew Medearis

# KEVIN FRY
# SERVICE LIST

**SERVICE VIA CM/ECF**

Patrick S. Layng          USTPRegion11.ES.ECF@usdoj.gov

Kinnera Bhoopal       kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Bert Zaczek                      bert@bzlegal.net


**VIA UNITED STATES MAIL**

| | |
|---|---|
| ATG Credit<br>1700 W. Cortland St.<br>No. 2<br>Chicago, IL 60622 | Capital One<br>PO Box 30253<br>Salt Lake City, UT 84130 |
| Capital One NA<br>PO Box 30281<br>Salt Lake City, UT 84130 | Capital One, N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Capitol One Menards<br>PO Box 30253<br>Salt Lake City, UT 84130 | Cavalry Spv I, LLC<br>Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712 |
| Chase<br>PO Box 15298<br>Wilmington, DE 19850 | Citi Cards<br>PO Box 78045<br>Phoenix, AZ 85062-8045 |
| Citi Shell<br>PO Box 6497<br>Sioux Falls, SD 57117 | CitiGroup Shell Card<br>PO Box 6497<br>Sioux Falls, SD 57117 |
| Enhanced Recovery Corp.<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256 | Little Mary Hospital<br>723 W. Jackson Blvd.<br>900<br>Chicago, IL 60606 |

80695420v.1

Merchants Credit Guide
223 W. Jackson Blvd.
No. 7
Chicago, IL 60606

Nationwide Retirement Solutions
205 W. Randolph
Suite 1540
Chicago, IL 60606

People's Energy
200 E. Randolph St.
Chicago, IL 60601

Peoples Gas Light & Coke
PO Box 57547
Jacksonville, FL 32241

TCF Bank
801 Marqustto Ave.
Minneapolis, MN 55402

TCF National Bank
10729 W. 159th Street
Orland Park, IL 60467

U.S. Bank
4801 Frederica St.
Owensboro, KY 42301

Verizon
by American InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Verizon Wireless - Great Lakes
PO Box 26055
Minneapolis, MN 55426

2

80695420v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 17-21106 |
| ) | |
| ) | Chapter 7 |
| KEVIN FRY, ) | |
| ) | Hon. Carol A. Doyle |
| Debtor. ) | |
| ) | Hearing Date:  April 21, 2022 |
| ) | Hearing Time:  10:00 a.m. |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING SALE
OF NON-EXEMPT EQUITY IN VEHICLE PURSUANT TO 11 U.S.C. § 363**

Gus A. Paloian, not personally or individually, but solely as chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of Kevin Fry, the above-captioned debtor (the "Debtor"), through his proposed attorneys, moves the Court (the "Motion") for entry of an order authorizing the sale of the Debtor's non-exempt equity in a 2007 Toyota FJ Cruiser (the "Vehicle") to the Debtor (the "Buyer"), subject to any applicable liens on the Vehicle, pursuant to the Bill of Sale Agreement attached hereto as **Exhibit A** (the "Agreement").  In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(N).

**BACKGROUND**

5. On July 14, 2017, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Code ("Bankruptcy Code"), and Gus A. Paloian was thereby appointed the Chapter 7 trustee for the Estate.

4. On September 14 2017 the Trustee filed an Initial Report of Assets.

6. The Vehicle was titled in the name of the Debtor, in the possession of the Debtor and there was no lien on the vehicle.

7. On August 25, 2017, the Debtor received a Carmax Appraisal of the Vehicle for $10,500.00 (the "Appraisal").  A copy of the Appraisal is attached hereto as **Exhibit B**.

8. The Debtor's amended schedules [Dkt No. 16] lists the Vehicle with a value of $10,500.00, with exemptions totaling $6,400.00 pursuant to 735 ILCS 5/12-1001(b) and (c) (the "Exemptions").

9. The Buyer desired to purchase the non-exempt equity in the Vehicle from the Estate with funds that were not property of the Estate.  Pursuant to the Purchase Offer, the Buyer offered to purchase non-exempt equity in the Vehicle, "as is, where is," for $4,000.00 ("Purchase Price").

10. The Trustee negotiated the Purchase Price for the non-exempt equity based upon retail value of $10,500.00, less the Exemptions.

11. The Trustee is currently holding the Purchase Price in escrow.

**LEGAL AUTHORITY**

12. Section 363(b)(1) of the Bankruptcy Code provides: "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may

2

80695420v.1

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. A sale of property of the Estate should be authorized pursuant to Bankruptcy Code Section 363 if a sound business purpose exists for doing so. *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

14. Once the trustee articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re S.N.A. Nut Company*, 186 B.R. 98, 102 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("A presumption of reasonableness attaches to a Debtor's management decisions.").

15. Indeed, when applying the "business judgment" rule, courts show great deference to trustees' decision-making. *See Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981). Thus, this Court should grant the relief requested in this Motion if the Trustee demonstrates a sound business justification therefor. *See Schipper*, 933 F.2d at 515; *In re Lionel Corp.*, 722 F.2d at 1071.

16. The Trustee has sound business justifications for selling the Vehicle at this time, because the Trustee has negotiated a reasonable, market-value price for the Vehicle, and the Buyer has agreed to purchase the Vehicle "as is, where is," subject to all liens on the Vehicle.

3

The Estate will benefit from the liquidation of the Vehicle at a Purchase Price at or near the market value of the Vehicle (less exemptions).

## NOTICE

17. Notice of this Motion and a copy of this Motion have been served upon: (a) the Office of the United States Trustee; (b) all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; (c) the parties on the attached service list; and (d) all parties receiving electronic notice through the Court's CM/ECF system.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) granting the Motion; (ii) authorizing the Trustee to sell non-exempt interest in the Vehicle to Buyer pursuant to the terms of the Agreement; (iii) finding that the Purchase Price includes the Applied Exemptions, which shall not be otherwise available to Buyer in this case; (iv) finding that the Motion and exhibits thereto are deemed to satisfy the filing and service of an itemized statement as required by Rule 6004(f)(1); (v) that notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), the Order shall not be stayed and shall be effective immediately upon entry; and (vi) granting such other and further relief as this Court deems just and proper.

Dated:  March 21, 2022

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Andrew Medearis
  Gus A. Paloian (6188186)
  Andrew Medearis (6337979)
  SEYFARTH SHAW LLP
  233 S. Wacker Dr., Suite 8000
  Chicago, Illinois 60606
  Telephone:  (312) 460-5000

  ***Proposed Counsel to Chapter 7 Trustee Gus A. Paloian***

4

80695420v.1